IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-02748-WYD-BNB

COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation,

    Plaintiff,

v.

INFINITY LAND CORPORATION, a dissolved Colorado corporation;
H2 LAND CO, LLC, a dissolved Colorado limited liability company;
HOWARD FAMILY INVESTMENTS, LLC, a dissolved Colorado limited liability company;
JONATHAN HOWARD;
PAUL HOWARD;
KF 103 CV, LLC, a Colorado limited liability company;
WILLIAM MARCHANT;
MAUREEN MARCHANT;
WILLIAM E. HOWELL, as Successor Trustee of the MARILYN J. HOWELL TRUST;
C. ARLENE NANCE;
WILLIAM PECK;
DARRELL H. OLIVER;
KELLY ANN OLIVER; and
SUSAN HANSON.

    Defendants.
_____

**ORDER**
_____

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before the Court on Plaintiff Colorado Casualty Insurance Company's ("Colorado Casualty") Motion to Bifurcate Trial, filed March 25, 2013 [ECF No. 65].

On October 16, 2012, Colorado Casualty initiated this declaratory judgment action to determine the rights and obligations of various parties under insurance policies

issued to Defendant Infinity Land Corporation in a related, underlying lawsuit filed in the El Paso County District Court ("Underlying Litigation").  Defendants Infinity Land Corporation ("Infinity"); H2 Land Co., LLC; Howard Family Investments, LLC; Jonathan Howard and Paul J. Howard (the "Howard Defendants") asserted counterclaims against Colorado Casualty for breach of contract, bad faith breach of insurance contract, and violation of Colo. Rev. Stat. §§ 10-3-1115, 1116.

The Underlying Litigation giving rise to this matter began in September of 2008 as a quiet title and declaratory judgment action involving the development of a residential subdivision located in Colorado Springs, Colorado.  Colorado Casualty provided a defense to Infinity during the "remedies" portion of the Underlying Litigation. The El Paso County District Court found that Infinity and all other defendants were jointly, severally and individually liable to the plaintiffs.

Relevant to this case, Infinity and the Howard Defendants contend that the insurance policies afford coverage for the claims asserted against them in the Underlying Litigation.  However, Colorado Casualty contends that these claims are not covered.  Based on the claims asserted in the Underlying Litigation and the trial court's ultimate findings and conclusions, Colorado Casualty argues that it owes neither a duty to defend nor a duty to indemnify, under the policies' relevant terms, conditions, limitations, and exclusions,

In the pending motion, Colorado Casualty seeks to bifurcate the issues of insurance coverage from the Defendants' bad faith counterclaims.  According to

Colorado Casualty, bifurcating this case into two phases[1] will be conducive to expedition and economy because the bad faith counterclaim, a fact-sensitive claim requiring the expenditure of time and resources, will be rendered moot if Colorado Casualty prevails on its declaratory judgment claims.

The Defendants oppose bifurcation, arguing that they will be prejudiced because (1) a determination on the duty to defend issue "would not be dispositive of the bad faith claim" and (2) the breach of contract claim "overlaps" with both the bad faith claim and statutory claim because they all "derive from the same occurrence: the obligation of Colorado Casualty to defend its insureds." (Resp. at 4) (internal quotations omitted).

II.     DISCUSSION

Rule 42(b) of the Fed. R. Civ. P. allows a court to order separate trials for separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P 42(b); *accord King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D.Colo. 2000). I have wide discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985); *accord Gaede v. Dist. Ct. In and For Eighth Judicial. Dist.*, 676 P.2d 1186, 1188 (Colo. 1984) ("A trial court enjoys broad discretion under C.R.C.P. 42(b) to order separate trials on specific issues in appropriate civil cases."). And while I have discretion to order separate trials, "that does not mean that severance is the norm or even a common occurrence." *The Marianist Province of the United States, Inc. v. Ace USA*, 2010 WL 2681760, * 1

---

[1] The first phase would resolve Colorado Casualty's duty to defend and indemnify. The second phase would address Defendants' breach of contract and bad faith counterclaims.

(D.Colo. July 2, 2010) (citing Fed. R. Civ. P 42(b) advis. comm. notes (noting that bifurcation should not "routinely be ordered")); *see also Gaede*, 767 P.2d at 1188 (explaining that the reasons listed in C.R.C.P. 42(b) for bifurcating are "conditions" such that, in their absence, bifurcation is "inapplicable").

Based on my review, I conclude that Colorado Casualty does not show a need for bifurcation. Colorado Casualty's declaratory judgment claims and Defendants' counterclaims all derive from the same occurrence, the Underlying Litigation, and whether there exists a duty to defend and indemnify. I agree with Defendants that the "existence of those duties and whether Colorado Casualty acted unreasonably in refusing to carry them out" in connection with the Underlying Litigation are the common foundation of all three counterclaims. (Resp. at 4).

Moreover, Colorado Casualty fails to offer a compelling argument that bifurcation of trials under Rule 42(b) would be more convenient or would expedite and economize the instant case. Defendants cite *Dunn v. American Family Ins.*, 251 P.3d 1232, 1235 (Colo. App. 2010) for the proposition that their bad faith claims do not depend on the existence of coverage. Defendants further argue that since a resolution of the duty to defend issue would not be dispositive of the bad faith counterclaims, no savings in time, effort or resources would be archived by bifurcation. "All aspects of payment, including the adjustment of a claim, that is, the [determination] of the amount that an insurer will pay an insured to cover a loss, . . . fall within an insurer's good faith duty to its insured." *Id.* (internal quotations omitted). "Colorado recognizes the viability of a claim of bad faith even if the express terms of the contract have been honored by the insurer." *Id.*

-4-

Exercising my discretion on this issue, I conclude that bifurcation of the bad faith claims from the declaratory judgment claims would not necessarily be more convenient, expeditious, or economical. It is likely that discovery will concern much of the same related evidence and will involve deposing many of the same individuals about events that occurred in the same or reasonably close time period. Additionally, Colorado Casualty has failed to show that there would be any meaningful savings of time, money or effort by bifurcation. Further, I find that there is a risk of prejudice to the Defendants in having their claims "sit dormant" while the declaratory judgment claims are resolved.[2] On balance, I conclude that the potential costs from bifurcation outweigh any speculative or marginal benefit.

III.   CONCLUSION

For the reasons set forth herein, it is hereby

ORDERED that Plaintiff Colorado Casualty Insurance Company's ("Colorado Casualty") Motion to Bifurcate Trial, filed March 25, 2013 [ECF No. 65] is **DENIED.**

Dated:  September 27, 2013

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge

---

[2] This is especially true given the fact that the Underlying Litigation remains active, which has "created difficulties for the parties in terms of moving this case forward." (ECF No. 80). Thus, any further delay caused by bifurcation is not warranted at this time.