IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02748-WYD-BNB

COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation,

Plaintiff,

v.

INFINITY LAND CORPORATION, a dissolved Colorado corporation,
H2 LAND CO, LLC, a dissolved Colorado limited liability company,
HOWARD FAMILY INVESTMENTS, LLC, a dissolved Colorado liability company,
JONATHAN HOWARD,
PAUL HOWARD,
KF 103 CV, LLC, a Colorado limited liability company,
WILLIAM MARCHANT,
MAUREEN M. MARCHANT,
WILLIAM E. HOWELL, as Successor Trustee of the MARILYN J. HOWELL TRUST,
C. ARLENE NANCE,
WILLIAM PECK,
DARRELL H. OLIVER,
KELLY ANN OLIVER, and
SUSAN HANSON,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This action was commenced on October 16, 2012, by the filing of a complaint. On September 3, 2013, certain defendants filed a Second Unopposed Motion to Amend Scheduling Order [Doc. # 80]. Following a hearing on that motion, I found that "numerous hurdles preclude this case from proceeding. . . ." Order [Doc. # 85]. At a status conference conducted this morning, I was informed that those hurdles remain uncleared.

Repeated extensions and continuances is no way to conduct pretrial proceedings. At some point this case may be ready to proceed, but not now.

I respectfully RECOMMEND that the action be administratively closed pursuant to D.C.COLO.LCivR 41.2 subject to reopening for good cause when, if ever, the parties are ready to proceed.[1]

Dated November 21, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Prsuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).