IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02748-WYD-BNB

COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation,

Plaintiff,

v.

INFINITY LAND CORPORATION, a dissolved Colorado corporation,
H2 LAND CO, LLC, a dissolved Colorado limited liability company,
HOWARD FAMILY INVESTMENTS, LLC, a dissolved Colorado liability company,
JONATHAN HOWARD,
PAUL HOWARD,
KF 103 CV, LLC, a Colorado limited liability company,
WILLIAM MARCHANT,
MAUREEN M. MARCHANT,
WILLIAM E. HOWELL, as Successor Trustee of the MARILYN J. HOWELL TRUST,
C. ARLENE NANCE,
WILLIAM PECK,
DARRELL H. OLIVER,
KELLY ANN OLIVER, and
SUSAN HANSON,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This action involves a dispute about insurance coverage. The plaintiff seeks a declaration that it has no duty to defend or indemnify Infinity Land Corporation in an underlying action pending in Colorado state court. This action was administratively closed while the underlying action was prosecuted. Order [Doc. # 89]. I am informed that the underlying action has been concluded, except for certain issues pursued on appeal which do not "substantially affect the basic issues in this case," and that all parties request that this action be reopened. The facts recited in the Unopposed Motion to Reopen [Doc. # 90, filed 4/2/2014] establish good cause to

reopen the case.  See D.C.COLO.LCivR 41.2.

I respectfully RECOMMEND:[1]

(1)   The Unopposed Motion to Reopen [Doc. # 90] be GRANTED; and

(2)   This action be reopened for further proceedings.

Dated April 9, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).