IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   12-cv-02748-WYD-NYW

COLORADO CASUALTY INSURANCE COMPANY, a New Hampshire corporation,

      Plaintiff,

v.

INFINITY LAND CORPORATION, a dissolved Colorado corporation;
H2 LAND CO, LLC, a dissolved Colorado limited liability company;
HOWARD FAMILY INVESTMENTS, LLC, a dissolved Colorado limited liability
company;
JONATHAN HOWARD;
PAUL HOWARD;
KF 103 CV, LLC, a Colorado limited liability company;
WILLIAM MARCHANT;
MAUREEN M. MARCHANT;
MARILYN J. HOWELL, as Trustee of the MARILYN J. HOWELL TRUST;
C. ARLENE NANCE; and
WILLIAM PECK,

      Defendants.

---

### ORDER

---

THIS MATTER is before the court on the following motions: (1) the Infinity

Defendants' Motion for Relief from August 26, 2015 Order Pursuant to F.R.C.P. 60(b)(6)

(ECF No. 203); (2) the Infinity Defendants' Motion for Reconsideration of Order Granting

Plaintiff Colorado Casualty Insurance Company's Motion for Summary Judgment (ECF

No. 186); and (3) Plaintiff Colorado Casualty Insurance Company's Motion to Clarify

Order (ECF No. 184).  For reasons stated below, the motions are granted in part and

denied in part.

I.    BACKGROUND

This case involves a dispute regarding coverage under the business owners insurance policy ("Policy") issued by Plaintiff Colorado Casualty Insurance Company ("Plaintiff" or "Colorado Casualty").   The facts of this case have been recounted in detail in a previous order.   (ECF No. 182).   For the sake of these motions, Plaintiff Colorado Casualty, faced with claims for coverage under the Policy, filed this action seeking a declaratory judgment stating that it owed no duties to defend or indemnify the claimants, who were certain parties involved in the development of the Cumbre Vista subdivision in northern Colorado Springs in connection with an underlying lawsuit.   The underlying case involved a dispute over easements between property owners and the developers of the adjacent Cumbre Vista subdivision.

On September 11, 2014, Colorado Casualty filed its Motion for Summary Judgment, arguing that it did not have a duty to defend developers Infinity Land or the Howards (the "Infinity Defendants") in the underlying action.   On April 15, 2015, the Infinity Defendants filed their Cross Motion for Partial Summary Judgment, claiming that the underlying complaints did trigger the defense obligations of Colorado Casualty.

On August 26, 2015, after holding an evidentiary hearing, I found that Colorado Casualty did not have a duty to defend Infinity Land or the Howards against the claims asserted by property developer KF 103-CV, LLC ("KF 103") or the claims asserted by the third-party plaintiff neighbors (the "Neighbors") in El Paso County District Court Case No. 2008cv4553 (the "Underlying Action").   I specifically found that after reviewing all of the allegations, "the Neighbors collectively alleged that Infinity destroyed their access to the Easement that provided them access to their homes.   However, damage

-2-

to an easement is not "property damage" under the Policy." (Order at 18).  I further

found that

> [e]ven if there was an allegation of property damage, I believe the
> underlying complaints fail to contain any allegation that such damage was
> the result of an occurrence under the Policy.  I find that the allegations that
> Infinity intentionally acted to construct roads and intersections cannot be
> read as including allegations of an accident or unanticipated
> consequences.  The allegations assert intentional conduct and cannot
> trigger coverage for an "occurrence" under the Policy.  Accordingly, I find
> that insurance coverage was not triggered because the underlying
> complaints did not allege property damage resulting from an "occurrence."

(Order at 19).  I also found that no claim of personal injury was alleged by the

Neighbors.  On August 27, 2016, final judgment was entered in favor of Colorado

Casualty.

II.    DISCUSSION

    A.    Infinity Defendants' Motion for Relief from August 26, 2015 Order
           Pursuant to F.R.C.P. 60(b)(6) (ECF No. 203)

On November 9, 2015, the Infinity Defendants filed their motion for relief from

judgment pursuant to Fed. R. Civ. P. 60(b)(6) following the decision of the Tenth Circuit

Court of Appeals in *KF 103-CV, LLC v. American Family Mut. Ins. Co.*, No. 14-1403,

2015 WL 6517782 (10th Cir. Oct. 29, 2015).

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

858, 861 (10th Cir.1995).  Where, after judgment has entered in a case, a party files a

motion for reconsideration, courts generally construe such a motion as invoking Federal

Rules of Civil Procedure 59(e) or 60(b).  *See Hatfield*, 52 F.3d at 861.  Rule 60(b) relief

is "extraordinary and may only be granted in exceptional circumstances."  *The Servants*

*of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).  Parties seeking

relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not

a substitute for an appeal, *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289

(10th Cir. 2005), but instead a "grand reservoir of equitable power to do justice in a

particular case."  *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (en

banc) (citation omitted).

　　　　Under Rule 60(b)(6), the Court may relieve a party or its legal representative

from a final judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or

compelling" that extraordinary relief is warranted or when it "offends justice" to deny

such relief.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996).  Courts

have granted relief under Rule 60(b)(6) when there has been a post-judgment change in

the law "arising out of the same accident as that in which the plaintiffs ... were injured."

*Pierce*, 518 F.2d at 723.

　　　　On October 29, 2015, approximately two months after I issued my order in this

case finding no duty to defend on the part of Colorado Casualty, the Tenth Circuit Court

of Appeals issued an opinion which addresses an insurer's obligation to defend an

identically situated co-defendant in the same Underlying Action and analyzes the same

pleadings and insurance policy language that are at issue here.  Specifically, the Tenth

Circuit held that American Family Mutual Insurance Company ("American Family") was

obligated to defend KF 103 in connection with the same Underlying Action, reversing

the decision of District Court Judge Richard P. Matsch.[1]  After examining the same

counterclaims filed by the Neighbors that are at issue in this case,[2] the Tenth Circuit

held that they "can be read to allege an occurrence."  *KF 103-CV, LLC.*, 2015 WL

6517782, at *4.  Relevant to this case, the Tenth Circuit went on to explain that "[i]n

addition to alleging an occurrence, the neighbors' counterclaims must allege facts which

could constitute property damage within the meaning of KF 103's policy."  *Id.* at *7.

After interpreting insurance policy language that is identical to the Policy language at

issue in this case, the Tenth Circuit held that "the damages alleged by the neighbors

arguably fall within the policy language, and American Family therefore had a duty to

defend KF 103 against each of the four counterclaims at issue."  *Id.*

I find that a portion of my August 26, 2015 Order granting summary judgment in

favor of Colorado Casualty must be reversed in light of the Tenth Circuit's October 29,

2015 opinion,  *KF 103-CV, LLC v. American Family Mut. Ins. Co.*, No. 14-1403.[3]  That

opinion involves the same issues, Underlying Action, pleadings, and policy language

that are at issue in the instant case.  Accordingly, based on the Tenth Circuit's detailed

reasoning, I now find that the Neighbors' July 2012 amended pleadings arguably allege

---

[1] I note that at the August 12, 2015 evidentiary hearing, Judge Matsch's decision was discussed and referenced at length.

[2] These counterclaims include: (1) Peck's 2011 trespass counterclaim; (2) Nance's 2012 trespass counterclaim; (3) the Marchants' and Nance's 2012 negligence misrepresentation counterclaim, and (4) the Marchants' and Nance's 2011 and 2012 negligence counterclaims.

[3] While I recognize that the Tenth Circuit's opinion is unpublished, I cite it for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1, which I believe to be extremely high as applied to this analogous case.

physical damage to, or loss of use of, tangible property caused by an occurrence that does not fall solely within the "expected or intended" exclusion from coverage. Therefore, pursuant to Fed. R. Civ. P. 60(b), I conclude as a matter of law that Colorado Casualty does have a duty to defend the Infinity Defendants in connection with the Neighbors' counterclaims in the Underlying Action. The Final Judgment is amended to reflect that the Infinity Defendants are entitled to judgment as a matter of law that Colorado Casualty was required to defend them in connection with the Neighbors' counterclaims in the Underlying Action. In accordance therewith, the portion of my order granting Colorado Casualty's motion for summary judgment and denying the Infinity Defendant's motion on this duty to defend issue is reversed.

B.   Infinity Defendants' Motion for Reconsideration of Order Granting Plaintiff Colorado Casualty Insurance Company's Motion for Summary Judgment (ECF No. 186)

On September 9, 2015, the Infinity Defendants filed their motion for reconsideration (ECF No. 186) on the limited issue of whether the Neighbors' pleadings alleged a claim that was arguably covered by the Personal Injury provisions of the Policy. In light of the fact that I have reversed my ruling as to Colorado Casualty's duty to defend the Infinity Defendants in connection with the Neighbors' counterclaims, this motion is denied as moot.

C.   Plaintiff Colorado Casualty Insurance Company's Motion to Clarify Order (ECF No. 184)

On September 9, 2016, Colorado Casualty filed this motion seeking clarification that I "found in favor of Colorado Casualty on all counts and that Colorado Casualty is entitled not only to its costs in this proceeding, proceeding, but it is also entitled to

recoup the $169,412.13 in defense fees and costs paid in connection with the underlying litigation from Defendant Infinity Land Corporation, and from Defendants Paul Howard and Jonathan Howard as principals of Infinity Land Corporation." (ECF No. 184 at 3). However, since I have found that a portion of my August 26, 2015 Order granting summary judgment in favor of Colorado Casualty must be reversed in favor of the Infinity Defendants and the Final Judgment amended accordingly, I cannot grant Colorado Casualty its requested relief.

III. CONCLUSION

Based upon the foregoing, it is

ORDERED that the Infinity Defendants' Motion for Relief from August 26, 2015 Order Pursuant to F.R.C.P. 60(b)(6) (ECF No. 203) is **GRANTED.** The portion of my August 26, 2015 Order that addressed Colorado Casualty's duty to defend the Infinity Defendants in connection with the Neighbors' counterclaims in the Underlying Action is **REVERSED**. The Final Judgment is amended to reflect that the Infinity Defendants are entitled to judgment as a matter of law that Colorado Casualty was required to defend them in connection with the Neighbors' counterclaims in the Underlying Action. It is

FURTHER ORDERED that the Infinity Defendants' Motion for Reconsideration of Order Granting Plaintiff Colorado Casualty Insurance Company's Motion for Summary Judgment (ECF No. 186) is **DENIED AS MOOT.** It is

FURTHER ORDERED that Plaintiff Colorado Casualty Insurance Company's Motion to Clarify Order (ECF No. 184) is **DENIED.**

Dated:  March 28, 2016

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge